UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:22-cv-61760-AHS

RUDOLPH BETANCOURT, individually,

    Plaintiff,

vs.

FLANIGAN'S ENTERPRISES, INC., a
Florida Corporation,

    Defendant.
_____/

## **DEFENDANT, FLANIGAN'S ENTERPRISES, INC.'S, ANSWER TO COMPLAINT**

COMES NOW, the Defendant, FLANIGAN'S ENTERPRISES, INC. ("Flanigan's), by and through its undersigned attorneys, and answers the Plaintiff's Complaint as follows:

1. The Defendant admits the allegations of paragraphs 2, 3, 4, 13, 14 and 15 of the Plaintiff's Complaint.

2. The Defendant denies each and every other material allegation of the Plaintiff's Complaint not specifically admitted above and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

3, As a separate and affirmative defense, the Defendant would state the Plaintiff has failed to mitigate his damages in that the Plaintiff has failed to request accommodation prior to filing suit. Defendant has at all times material hereto been willing to voluntarily accommodate the Plaintiff.

3. As a separate and affirmative defense, the Defendant would state that while it denies the allegations of the Plaintiff's Complaint, to the extent that any violations of the ADA exist, the Defendant is willing to voluntarily remedy any alleged violations without the need of litigation.

4. As a separate and affirmative defense, the Defendant would state that while it denies the allegations of the Plaintiff's Complaint, to the extent that any violations of the ADA exist, it is only due to the fact that accommodation was not readily achievable.

5. As a separate and affirmative defense, the Defendant would state that the Plaintiff has not been obligated to obtain legal counsel, but that the Defendant has at all times been willing to voluntarily remedy any ADA violations brought to the Defendant's attention without the necessity of Plaintiff obtaining counsel or bringing litigation.

6. As a separate and affirmative defense, the Defendant would allege that the subject property was inspected and approved by the local building official.

WHEREFORE, the Defendant demands judgment in its favor, including an award of costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, I also certify that the foregoing document is being served this day on counsel of record in this action, John Fuller, Esq., Fuller, Fuller & Associates, Attorney for Plaintiff, 12000 Biscayne Blvd., Suite 502, North Miami, Fl 33181 (jpf@fullerfuller.com and jpfuller17@gmail.com).

> ROBERTS & BASNUEVO, P.A.
> Attorneys for Defendant
> 113 Almeria Avenue
> Coral Gables, Fl 33134
> Telephone:  305-442-1700
> Fax:  305-442-2559
> E-mail:  roberts@robertspa.com
> By:  /s/:  H. Clay Roberts
>  H. CLAY ROBERTS, ESQ.
>  Fla. Bar No.:  262307